IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL DOUGLAS CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-cv-24-JTA |
| ) | (WO) |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), the claimant, Carl Douglas Crawford, brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Crawford's claim for a period of disability and for disability insurance benefits ("DIB") (*Id*.) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 7, 8.)

After careful scrutiny of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

I.  PROCEDURAL HISTORY AND FACTS

Carl Douglas Crawford ("Crawford") was born on May 7, 1964 and was 54 years old at the time of the administrative hearing held on December 19, 2018. (R. 30-31, 668.)[2] He graduated from college and previously worked in military telecommunications. (R. 16, 32-33.) Crawford alleges a disability onset date of March 31, 2010 (R. 30, 668), due to post-traumatic stress disorder ("PTSD"), traumatic brain injury, sleep apnea, degenerative joint disease of the thoracic spine, right lower extremity peripheral neuropathy (sciatic nerve), light paralysis of the sciatic nerve, obsessive-compulsive disorder, anxiety disorder, blurry vision, and tinnitus (R. 16, 671).[3]

Crawford applied for a period of disability and DIB on June 27, 2017 under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. (R. 11.) The application was denied on August 18, 2017 (R. 594-95) and Crawford requested an administrative hearing (R. 604).

Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Crawford's request for benefits in a decision dated April 25, 2019. (R. 8-20.) The Appeals Council subsequently denied his request for review and the decision by the Commissioner

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (Doc. No. 20.)

[3] The ALJ appears to have mistakenly substituted tendinitis for tinnitus as one of the impairments listed in Crawford's application for disability benefits. (R. 16.)

became final.[4] (R. 1-4.) On January 10, 2020, Crawford filed the instant action appealing the decision of the Commissioner. (Doc. No. 1.)

## II. STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled

---

[4] *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision.") (citation omitted).

3

to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that he is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ

finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number

of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Crawford has not engaged in substantial gainful activity since the alleged onset date of disability, March 31, 2010, through his date last insured of September 30, 2014. (R. 13.) The ALJ determined that Crawford suffers from the following severe impairments that significantly limit his ability to perform basic work activities: degenerative disc disease, neuralgia of sciatic nerve, arthritis, hiatal hernia, sleep apnea, obesity, decreased hearing and PTSD. (R. 13.) The ALJ concluded that Crawford's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13.) The ALJ's summary of Crawford's medical evidence is brief. The summary provides:

> [t]he claimant has a date last insured date [sic] of September 30, 2014. There is very little evidence supporting disability prior to this date. For example, in May 2001, the claimant was diagnosed with lumbar strain and thoracic strain. However, his **lumbar spine study** was essentially **normal** with no significant interval changes. He was given a primary diagnostic code of *minor abnormality*. In fact, on May 19, 2011, he had an **appropriate gait**; he **denied any pain** to the thoracic and lumbar area, but reported flare-ups during the cold months; he **had no functional impairments** and he was **not using any pain medications**. More striking is that he reported exercise by walking one and a half mile [sic] as needed. Furthermore, in February 2014, his sleep apnea was addressed. He had undergone a sleep study from a non-VA facility and was requesting a replacement for his CPAP. However, he needed a consultation from his primary to request a pulmonary consult for CPAP enrollment. In June 2014, he was diagnosed with obstructive sleep apneal [sic] and advised to *conservatively treat with CPAP* (Exhibit 7F).

6

(R. 16-17.) After consideration of the entire record, the ALJ determined that through the date last insured, Crawford retains the RFC to perform medium work[5] as defined in 20 C.F.R. § 404.1567(c). (R. 15.) The ALJ found the following workplace limitations applicable to Crawford:

> [He] can operate foot controls with the bilateral feet frequently. He can frequently reach overhead with the bilateral upper ramps and stairs. He can frequently balance, stoop, kneel, crouch, and crawl. The claimant cannot work at unprotected heights or around hazardous, moving mechanical parts, but he can occasionally work at operating a motor vehicle. The claimant can work around occasional exposure to noise equal to that of traffic noise. He can understand, remember, and carry out simple tasks and he can respond appropriately to interactions with supervisors, coworkers, and the public, occasionally. He can deal with changes in a routine work setting, occasionally.

(R. 15.)

Based upon the testimony of a vocational expert ("VE"), the ALJ determined that Crawford was precluded from performing any of his past relevant work. (R. 18, 48-49.) The ALJ also found that based upon Crawford's age, education, work experience, and RFC, there are jobs that exist in "significant numbers in the national economy" that he can perform. (R. 18-19.) The ALJ further found that Crawford could work as a packager and laundry worker I. (R. 19.) The ALJ concluded that Crawford had not been under a disability, as defined in the Social Security Act, from March 31, 2010, the alleged onset date, through September 30, 2014, the date last insured. (R. 19-20.)

---

[5] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

## V. DISCUSSION

Crawford presents four arguments on appeal. First, he argues that the ALJ failed to properly consider his visual impairments. (Doc. No. 18 at 7-10.) Second, he argues that the ALJ's assessment of his limitations was unfair and prejudicial because evidentiary gaps in the record prevented a full, fair, and impartial assessment of the evidence. (*Id*. at 10-13.) Third, he argues that the ALJ's RFC determination is not based on substantial evidence. (*Id*. at 13-15.) Fourth, he argues that the failure to evaluate new and material evidence by the Appeals Council warrants remand. (*Id*. at 15-17.)

The Court evaluates each of Crawford's arguments below.

A. The ALJ did not err in her determination as to Crawford's visual impairments.

Crawford argues that the ALJ committed reversible error by failing "to consider or analyze [his] vision impairments." (Doc. No. 18 at 8.) Crawford asserts the medical records document his diagnoses of farsightedness, photophobia (sensitivity to light), astigmatism, presbyopia (loss of near-focusing ability that occurs with age), cataracts, and dry eyes. (Doc. No. 18 at 8-10; Doc. No. 23 at 2.) He argues his blurred vision is an impairment that would affect his ability to work in certain conditions which should have been specifically addressed by the ALJ and incorporated into her RFC determination. (Doc. No. 18 at 10.) Crawford contends this case should be remanded because "without any analysis as to how or whether the ALJ considered [his] visual impairments, there is no way for a reviewing court to know if the decision is indeed based on substantial evidence." (*Id*. at 10.)

The Commissioner responds that Crawford failed to prove that his vision constitutes an impairment under agency regulations and that he merely speculates that his imperfect vision would impose any work-related limitation. (Doc. No. 19 at 4.) The Commissioner asserts that the record shows Crawford's vision was corrected with prescription lenses and that his diagnoses were for relatively minor issues. (*Id*. at 5.)

Contrary to Crawford's arguments, a review of the record establishes that the ALJ considered his visual impairments. Albeit, the ALJ did not find Crawford's visual impairments to be severe at step two. (R. 13 at ¶ 3) (listing findings of severe impairments). However, the ALJ stated at step three that she considered all of Crawford's impairments, including his visual impairments.

> [N]o treating or examining source has indicated findings that would satisfy the severity requirements of any listed impairment. In addition, the **undersigned has considered [Crawford's] impairments under listings** 1.00 Musculoskeletal System, **2.00 Special Senses and Speech**, 5.00 Digestive System, 11.00 Neurological, and 12.00 Mental Disorders, **but concluded that the claimant does not have the requisite deficits**.

(R. 14) (emphasis added). Listing 2.00 for Special Senses and Speech governs how visual disorders[6] are evaluated by the Commissioner. *See* Disability Evaluation Under Social Security 2.00 for Special Senses and Speech - Adult, § A.1. In the Eleventh Circuit, an ALJ's acknowledgement that a claimant did not have an impairment or combination of impairments that equaled a listing is sufficient to demonstrate that the cumulative effect of

---

[6] Under the Listing 2.00, "visual disorders" are defined as "abnormalities of the eye, the optic nerve, the optic tracts, or the brain that may cause a loss of visual acuity or visual fields." *Id*. Visual impairment is present where the loss of visual acuity "limits [a claimant's] ability to distinguish detail, read, or do fine work," or where loss of visual field limits one's ability "to perceive visual stimuli in the peripheral extent of vision." *Id*.

all impairments was considered. *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002). Because the ALJ included a statement that she considered all impairments, she was not required to single out Crawford's vision, just as she did not single out his hearing.[7] (R. 13.) *See Jones v. HHS*, 941 F.2d 1529, 1533 (11th Cir.1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings). Accordingly, the court finds no reversible error here.

      B. The ALJ did not fail to adequately develop the record.

Crawford asserts that a failure by his former counsel to submit additional medical records to the ALJ resulted in evidentiary gaps and prevented the ALJ from making a full, fair and impartial assessment of his disability claim. (Doc. No. 18 at 11-13.) Crawford premises this assertion upon his former attorney's alleged failure to submit records from Southern Orthopaedic Surgeons ("Southern Orthopaedic") and the Montgomery Eye Clinic. (*Id*. at 12). Crawford specifically argues that the ALJ did not have records related to his alleged vision impairments. (*Id*. at 12-13.) Crawford argues this matter should be remanded because the ALJ had the duty to develop the record and she failed to properly discharge her duty. (*Id*. at 13.)

The Commissioner asserts that Crawford's argument that the ALJ failed to develop the record does not establish "evidentiary gaps which result in unfairness or 'clear

---

[7] The court notes that, though the ALJ also did not discuss any findings related to Crawford's tinnitus, she found that his decreased hearing constituted a severe impairment, presumably under the listings for Special Senses and Speech. (R. 13.) However, Crawford does not find fault with the ALJ's failure to discuss her findings that he is severely impaired by decreased hearing.

prejudice,' " or that the ALJ failed to meet her "basic obligation to develop a full and fair record[.]" (Doc. No. 19 at 6-7 (quoting *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997)).) The Commissioner asserts that additional records were submitted after the hearing and designated as Exhibit 7F. (Doc. No. 19 at 7-8; R. 23.) The Commissioner further notes that the ALJ made multiple references to this exhibit in her decision. (Doc. No. 19 at 8, n.2.)

In Social Security proceedings, "an individual who files an application for … disability benefits must prove that she is disabled." *Whetstone v. Barnhart*, 263 F. Supp. 2d 1318, 1320 (M.D. Ala. 2003) (citing 20 C.F.R. § 416.912 (1999)). These proceedings are inquisitorial rather than adversarial, which means an ALJ has the duty to investigate the facts and develop an argument both for and against granting benefits. *Sims v. Apfel*, 530 U.S. 103, 111 (2000). Thus, the ALJ is charged with developing a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1999) (per curiam); *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). *See also* 20 C.F.R. § 404.1512(b) (stating that, before the ALJ determines the claimant is not disabled, "[the ALJ] will develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [he] file[s his] application"). This duty exists whether or not the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Robinson v. Astrue*, 235 F. App'x 725, 727 (11th Cir. 2007). However, the claimant ultimately bears the burden of producing evidence to support his claim of disability if he is represented by counsel. *See Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 872 (11th Cir. 2016) (where

claimant was represented by counsel, the ALJ had no heightened duty to develop the record as she would if claimant was unrepresented).

To warrant remand for the ALJ's failure to develop the record, there must be a showing of unfairness or clear prejudice. *Brown*, 44 F.3d at 935 (citing *Kelly v. Heckler*, 761 F.2d 1538, 1540 n.2 (11th Cir. 1985)); *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016); *Bellew v. Acting Comm'r of Social Sec.*, 605 F. App'x 917, 932 (11th Cir. 2015) (quoting *Brown*, 44 F.3d at 935) ("In determining whether remand is necessary for development of the record, we consider 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.' ").

During the administrative hearing held on December 19, 2018, Crawford was represented by Attorney Alexa Martini ("Martini") of the Sellers Law Firm. (R. 24.) At the outset of the hearing, the ALJ raised with Martini the need for Crawford to submit objective medical evidence of disability prior to his date last insured of September 30, 2014. (R. 24, 27-28.) After allowing Martini to discuss the issue with Crawford, the ALJ allowed the record to remain open for three weeks so that additional records from the Veterans Administration ("VA") and Southern Orthopedic could be provided. (R. 28-29.) Martini asked Crawford whether records should be requested from any other care provider, to which he replied "[n]o."[8] (R. 30.) The ALJ then stated "once those records are submitted, the record will be closed." (R. 30.) At the conclusion of the hearing, the ALJ

---

[8] Crawford's opening brief erroneously states that Martini asked the ALJ, rather than Crawford, whether additional records were needed in addition to those from the VA and Southern Orthopaedic. (Doc. No. 18 at 13.)

reminded Martini that she had three weeks to submit the additional records, and Martini gave her assurance that the records would be provided within that time. (R. 53.) The record shows that progress notes, dated March 20, 2010 to September 30, 2014, from the VA were exhibited and included in the record after the administrative hearing. (R. 23, Component HO, No. 7F.)

Here, the court finds that Crawford's claim of reversible error fails. As the Commissioner correctly argues, the ALJ accepted supplemental records in Exhibit 7F which contained records from the VA regarding Crawford's eye examinations. (R. 23; R. 1366-1438.) These records included notations from Crawford's appointments at the Montgomery Eye Clinic during the relevant period. (R. 1376, 1384, 1390, 1398.) In light of the ALJ's statement that she considered any possible deficits under the listing for Special Senses and Speech, it is apparent that evidence related to Crawford's vision was fully considered by the ALJ. *Wilson*, 284 F.3d at 1224-25. Consequently, Crawford has not demonstrated any unfairness or prejudice. Furthermore, Crawford ultimately bore the burden of producing evidence to support his claim of disability and any failure to meet this burden falls squarely on Crawford's shoulders, not the ALJ. The court finds no reversible error.

C. Substantial evidence supports the ALJ's RFC determination.

Crawford argues that the ALJ's RFC determination is not supported by substantial evidence because the decision contains no discussion of his visual limitations and the "ALJ did not have any medical evidence relating to the relevant period of disability." (Doc. No. 18 at 15.) Crawford specifically claims that the ALJ crafted the RFC without any relevant

13

medical evidence. (*Id*.) The Commissioner responds that the ALJ's decision demonstrated substantial evidence of Crawford's ability to perform work consistent with the RFC. (Doc. No. 19 at 12.)

In determining a claimant's RFC, which is " 'that which an individual is still able to do despite the limitations caused by his or her impairments[,]' " the ALJ "considers all the evidence in the record[.]" *Washington v. Social Sec. Admin., Comm'r*, 503 F. App'x 881, 882-83 (11th Cir. 2013). An ALJ's RFC formulation must be supported by substantial evidence, which is "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

Contrary to Crawford's argument, the ALJ had records of Crawford's visual impairments (i.e., Exhibit 7F) and nothing therein is contrary to the ALJ's RFC formulation. Accordingly, after review of the ALJ's decision and the supporting evidence upon which it is based, the court finds that the RFC formulation is based upon substantial evidence. The court finds no reversible error here.

D. The Appeals Council did not err by declining review.

As his final issue, Crawford asserts that the Appeals Council erred when it denied review of the ALJ's decision despite his submission of new and material evidence. (Doc. No. 18 at 16-17.) The Appeals Council detailed the contents of the additional evidence submitted on Crawford's behalf. (R. 2.) The documents were divided into two sets

14

showing treatment prior to his date last insured and after. (*Id*.) As to the first set, [9] the Appeals Council wrote

> [y]ou submitted medical records from 42nd Medical Group dated May 18, 2009 to August 11, 2014 (196 pages), medical records from Jackson Hospital dated September 6, 2009 to February 14, 2010 (37 pages), medical records from Baptist Medical Center South dated March 4, 2010 to April 3, 2014 (59 pages), and treatment notes from Southern Orthopaedic Surgeons darted [sic] August 19, 2013 to September 2, 2014 (26 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

(R. 2.) Crawford challenges the Appeals Council's rejection of the Southern Orthopaedic records and the 42nd Medical Group records. (Doc. No. 19 at 14-15.) Crawford asserts that the Appeals Council decision was error because "a plaintiff need only show that the new evidence, 'if accepted, may warrant' the ALJ's change of mind." (Doc. 18 at 16.) Crawford argues that his submission of new evidence showing that he used hydrocodone and a TENS[10] unit for pain prior to his date last insured (R. 292-93, 424, 442, 444-45, 484) refutes the ALJ's finding that his pain was not a disabling factor. (*Id*. at 16-17.)

The Commissioner argues that the Appeals Council ruling was justified, as there was no new, material, and chronologically relevant evidence presented by Crawford. (Doc. No. 19 at 13 (citing 20 C.F.R. § 404.970(b)).)

A claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council. 20 C.F.R. § 404.900(b). If the claimant

---

[9] Crawford only challenges the Appeal Council's decision as to the first set of documents.

[10] Crawford explains that TENS is an acronym for "transcutaneous electrical nerve stimulation," a device which provides pain relief through the attachment of electrodes to the affected areas. (Doc. No. 18 at 17.)

submits new evidence after the ALJ's decision, the Appeals Council must consider the evidence if it is new, material, and chronologically relevant. *See Washington v. Soc. Sec. Admin., Comm'r.*, 806 F.3d 1317, 1320 (11th Cir. 2015); 20 C.F.R. § 404.970(b). The evidence is material if "there is a reasonable possibility that [the new evidence] would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987); *see* 20 C.F.R. § 404.970(a)(5). The Appeals Council need not "provide a detailed rationale for denying review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014); *Ingram*, 496 F.3d at 1262.

  Here, Crawford's argument is unavailing. The ALJ concluded in part that Crawford was not disabled as of September 30, 2014, because, as of May 19, 2011, Crawford denied pain and was not using pain medications. (R. 16, 17-18.) Although the supplemental records presented to the Appeals Council show that Crawford was prescribed pain medication at times, the records do not show that he was dependably using pain medication. The Southern Orthopaedic records show that Crawford was examined on August 19, 2013, for bilateral knee pain and had not been seen in five years. (R. 295.) Crawford was diagnosed with osteoarthritis knees and prescribed Mobic. (*Id.*) On September 9, 2013, it was noted that Crawford was "much better on the Mobic" and the goal was to reduce his usage to every other day. (R. 294.) On August 18, 2014, Crawford returned to Southern Orthopaedic for pain in both knees and received steroid injections. (R. 293). On September 2, 2014, Crawford returned to Southern Orthopaedic where it was noted that the "osteoarthritis in his left knee has responded to the steroid injection . . . we will give him the second shot today at his request. . . [and] [w]e will see him back the next time he needs

16

to see us." (R. 292.) The 42nd Medical Group records show that Crawford's TENS prescription was renewed on February 8, 2012, when the purpose of his visit was not due to complaints of pain, but to refill prescriptions. (R. 483-84.) In August 2012, Crawford reported no back pain. (R. 471-72.) In March and May of 2013, Crawford's list of medications did not include TENS but showed that he took hydrocodone as needed. (R. 457, 465.) On August 8, 2013, he presented to the 42nd Medical Group with bone spurs and was prescribed hydrocodone as needed. (R. 442.) In July 2014, Crawford was treated by medical staff at the 42nd Medical Group where he reported chronic knee pain with a severity of 8/10 with little relief from Mobic. (R. 420-21.) Upon examination, pain was elicited in both knees on motion but mobility was not limited. (R. 422.) In November 2014, shortly after the date last insured, Crawford reported "no back pain" to medical staff at the 42nd Medical Group. (R. 238.)

Agency regulations allow an ALJ to consider a claimant's reports regarding his symptoms and the effect of those symptoms (*see* 20 C.R.F. §§ 404.1529(c)(3), (c)(3)(vii)), as well as the "type, dosage, effectiveness, and side effects of any medication (*see* 20 C.F.R. § 404.1529(c)(3)(iv)). *Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 873 (11th Cir. 2016). The medical records show that Crawford took hydrocodone "as needed" (R. 442), steroid injections in his knees as needed (R. 292), and that chronic knee pain did not impact his mobility (R. 422). None of the post-decision documents submitted to the Appeals Council support an outcome different from that in the ALJ's decision. Accordingly, "[a] review of the record indicates that the Commissioner's factual findings were supported by substantial evidence, and the additional evidence submitted to the

Appeals Council was inconsistent with previous evidence in the record, such that the additional evidence did not render the denial of benefits erroneous." *Douglas v. Comm'r of Soc. Sec.*, 764 F. App'x 862, 863 (11th Cir. 2019).  The court finds no reversible error.

## VI.   CONCLUSION

After review of the administrative record, and considering all of Crawford's arguments, the Court finds the Commissioner's decision to deny his disability is supported by substantial evidence and is in accordance with applicable law.  Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 14th day of December, 2021.

*/s/ Jerusha J. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE